Fries v. Fries.

---

CHRISTIAN JACOB FRIES, JR., Appellant, v. AMANDA ELISE FRIES, ALMA MATHILDA FRIES, AMANDA FRIES, Executrix of Estate of ELISE FRIES, WILLIAM H. HENSON, JR., CLARA HENSON, and GEORGE W. STRODTMAN, Trustee.

### Division One, December 19, 1924.

1. **WILL: Life Estate: Power to Sell: Section 551.** A will by which testator gave to his wife "all my real estate, to. have and to hold unto her for her own use and benefit, to have full charge and control of all real estate, that she may at pleasure dispose, sell and convey any and all real estate, if she desires to do so" invested his widow with the fee simple title. No devise being "made of the devised premises to take effect after the death of the devisee," it is required by Section 551, Revised Statutes 1919, to be held to be a devise of an absolute estate to the widow. Besides, the power of disposition is expressly conferred upon the widow.

2 ———: ———: **Property Remaining: Precatory.** The first clause of testator's will gave all his personal property to his wife "to have

and to hold to her for her own use and benefit." The next clause gave to her all his real estate "to have and to hold for her own use and benefit" with full power, "at her pleasure, to dispose, sell and convey all real estate." The third clause read: "I further direct that, after my decease, my said beloved wife may at her pleasure execute a will, and divide and provide for my said children all of said real estate and personal property remaining." *Held*, that the will manifests no intent to give a life estate only to the widow. There being no devise over, no request or recommendation that the widow make a will giving the property remaining at her death to testator's children, but the language expressly permitting her to devise it to them "at her pleasure," there is nothing precatory in the will, and said third clause does not bring within its contemplation any property which she had conveyed during her lifetime, and if it refers to property that may have remained at her death it gave her power "at her pleasure" to dispose of it by will, and as she devised it to a daughter testator's son has no interest in it.

3. ————: Remaining Property: Power to Devise: Equal Division: Illusory Appointment. A clause in his will by which testator directed that his widow "may at her pleasure execute a will and divide and provide for my children all of real estate and personal property remaining" did not require the widow to make an equal division among his children, and her bequest of one dollar to testator's son and of the household furniture to her daughter and a devise of all the real estate to her two daughters must stand, unless the doctrine of illusory appointment is adopted, and that doctrine is no longer accepted in either America or England, and if accepted would not apply to such a will.

Citation to Headnotes: Wills, 40 Cyc. 1578, 1577, 1829, 1834.

## Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall*, Judge.

AFFIRMED.

*W. B. & Ford W. Thompson* for appellant.

(1)    The true intent of the testator as expressed in his will was to make no distinction between plaintiff, his son and namesake (a child by another wife) and his two

daughters, Amanda and Alma. This is shown clearly by the second clause of the will. And is further shown by the fourth clause of the will, wherein he directs his widow, if she exercises the power therein given, to divide the property equally between his said children. (2) He intended his wife to have only a life estate in the realty and personalty, with power to sell and dispose of as much of it during her life as was necessary for her own use and benefit (maintenance and support), and in addition he gave her a power which she could exercise or not at her pleasure, to dispose of all the real estate and personalty "remaining" at her death, but limited the beneficiaries whom she might select by expressly directing that if she exercised the power to make a will she should "divide and provide for my said children all of real estate and personal property remaining," which would necessarily mean an equal division. (3) The allegations of the bill show that the widow, notwithstanding the trust and the fact that she had but a life estate therein, desired to take care of only her own two daughters and attempted to make them a gift of a part of the real estate in violation of the trust imposed on her to use the property for her support and maintenance, and in violation of the rights of the remaindermen; and that she also followed a similar desire and made a will which gave to her daughters all of the real estate and personal property remaining of the estate, while to the son and namesake, she bequeathed but one dollar. Burnet v. Burnet, 244 Mo. 491; McMillan v. Farrow, 141 Mo. 62; Garland v. Smith, 164 Mo. 16; Burford v. Aldridge, 165 Mo. 425. (4) The power to create a life estate, without using express words, but by implication from the terms and clauses of the will, or by language of equivalent meaning, is no longer an open question in this State. Burnet v. Burnet, 244 Mo. 491; Walton v. Drumtra, 152 Mo. 507; Cornwell v. Wulff, 148 Mo. 542; Roth v. Rauschenbusch, 173 Mo. 591; Armor v. Fry, 226 Mo. 669; Cook v. Higgins, 290 Mo. 402; Mathews v. O'Donnell, 289 Mo. 235; Payne v. Reece, 297 Mo. 54.

*Milton R. Stahl* for respondents.

(1)   Elise Fries took a fee simple under the will of Christian Jacob Fries.   Sec. 551, R. S. 1919; Small v. Field, 102 Mo. 104; Sevier v. Woodson, 205 Mo. 202; Gibson v. Gibson, 239 Mo. 490; Lemp v. Lemp, 264 Mo. 533; Thornbrough v. Craven, 284 Mo. 552.   (2)   Under the will of Christian Jacob Fries the property passing to his widow was not impressed with a trust in favor of appellant.   Corby v. Corby, 85 Mo. 393; Noe v. Kern, 93 Mo. 371; Murphy v. Carlin, 113 Mo. 112; Snyder v. Toler, 179 Mo. App. 376.   (3)   The widow had a right to make a voluntary conveyance of the land in controversy to respondents.   Priest v. McFarland, 262 Mo. 229. (4)   The land in controversy passed to respondents Amanda and Alma Mathilda by virtue of the will of their mother, Elise Fries.   Hawthorn v. Ulrich, 207 Ill. 430; Graeff v. DeTurk, 44 Pa. St. 527; Lions v. Darden, 5 Fla. 78; VanSyckels Estate, 24 Pa. Co. 241; Fronty v. Godard, 1 Bail. Eq. (S. C.) 517; Ingraham v. Meade, 3 Wall. Jr. (Fed.) 32, Fed. Cas. 7045.

JAMES T. BLAIR, P. J.—Appellant brought this suit to establish his title to a one-third interest in certain real and personal property left by his father, who died testate in 1904, and for partition.   The construction of the father's will is the decisive question.   Demurrers were filed by the several respondents and sustained, and appellant refused to plead further.   Judgment was rendered accordingly, and this appeal followed.

Appellant is the son of Christian Jacob Fries, Sr., by a first marriage.   Respondents Amanda and Alma are daughters by a second marriage, and Amanda is the executrix of the will of her mother Elise Fries, who died in October, 1921.   Respondents William and Clara Henson are husband and wife, and are grantees of Elise Fries and makers of certain notes in which appellant asserts an interest under the father's will.   Strodtman

is trustee in a deed of trust which secures the Henson notes.

The petition sets out the will of Christian Jacob Fries, Sr., which, so far as pertinent, reads as follows:

"First. I direct that my just debts and funeral expenses be paid out of my estate by my executrix hereinafter named.

"I give to my children, Christian Jacob Fries, Jr., Amanda Elise Fries, and Alma Mathilda Fries, each the sum of five dollars, to be paid to them respectively after my decease by my executrix.

"I give to my beloved wife, Elise Fries, all of my personal property of every description, to have and to hold to her for her own use and benefit, I also give her my said beloved wife, Elise Fries, all of my real estate, wherever the same may be situated, also to have and to hold unto her for her own use and benefit, to have full charge and control of all real estate, that she may at pleasure, dispose, sell and convey any and all real estate, if she desires to do so.

"And I further direct, that after my decease, my said beloved wife, Elise Fries, may at her pleasure execute a will, and divide and provide for my said children all of real estate and personal property remaining.

"And lastly, I do appoint my said beloved wife, Elise Fries, as executrix of this my last will and testament, and I do direct that she shall not be required to give bond."

The petition alleges the father's estate included: "Lots 8 and 9 in Harney Heights Addition, and in Block number 5090 of the City of St. Louis, Missouri; said lots having an aggregate of one hundred feet on the north line of Geraldine avenue, by a depth northwardly of one hundred thirty-five feet." It is further alleged that this realty was not needed to pay debts or expenses of administration and was received by the said widow under the terms of said will; "that long after final settle-

ment of Christian, Sr's. estate, to-wit: on June 9, 1915, the widow, Elise, executed and delivered to Alma and Amanda Fries a warranty deed to all the above described real estate, but reserved a life estate to herself; that though the deed recited it was made for "one dollar and other valuable considerations," yet, in fact, there was no consideration, but the deed was a gift; that it was recorded June 11, 1915; that June 15, 1921, Alma and Amanda re-conveyed lot 8, above described, for "one dollar and love and affection;" this deed was recorded June 21, 1921; that on July 14, 1921, the widow, Elise, by a deed which is alleged to have been without consideration, conveyed to Amanda "the southern twenty-one feet of said lot 8," above described; that on the same day Elise conveyed to respondent Henson "the northern twenty-nine feet of said lot 8" in consideration of a cash payment and the execution of a principal note for $2000 and thirty-three notes for $20 each, secured by the deed of trust in which respondent Strodtman is trustee.

It is then alleged that October 8, 1921, Elise Fries died testate. Her will, in so far as it is material here, reads:

"First. I give and bequeath to my stepson, Christian Fries, the sum of one dollar.

"Second. I give and bequeath to my daughter, Amanda Fries, all the furniture and furnishings in my house, No. 2539 Geraldine Avenue, St. Louis, Missouri.

"Third. All the balance of my estate, real personal and mixed, I give and bequeath to my two daughters, Amanda Fries and Alma Fries, share and share alike.

"Fourth. I hereby appoint my daughter, Amanda Fries, executrix without bond, of this my last will and testament."

Amanda has qualified and is acting as executrix of her mother's will. She and Alma are alleged to be in possession of lot 9 and the south twenty-one feet of lot 8, as described, and Amanda, as executrix, to be in

possession of the Henson notes and deed of trust. Further allegations are that at the time of the death of Elise, the widow, there remained in her possession, under the provision of her husband's will, all of lot 9 and the south twenty-one feet of lot 8 and the Henson notes.

Appellant prays that he be decreed to possess a one-third interest and for partition of the property, and for a sale and division of proceeds if the property cannot be divided in kind without prejudice and loss. An order restraining sale of the notes by the executrix was asked.

Appellant's position is that the will of Christian Jacob Fries, Sr., gave his widow a life estate, only, with power to sell and dispose of so much of the property, "during her life, as was necessary for her own use and benefit, maintenance and support, and, in addition, he gave her a power which she could exercise or not, at her pleasure, to dispose of all the real estate and personalty 'remaining' at her death, but limited the beneficiaries whom she might select by expressly directing that if she exercised the power to make a will that she would 'divide and provide for my said children all of said real estate and personal property remaining'—which would necessarily mean an equal division."

I.  The third paragraph of the will reads:

"I give to my beloved wife, Elise Fries, all of my personal property of every description, to have and to hold to her for her own use and benefit, I also give unto her, my said beloved wife, Elise Fries, all of

**Absolute Estate.** real estate, wherever the same may be situated, also to have and to hold unto her for her own use and benefit, to have full charge and control of all real estate, that she may at pleasure, dispose, sell and convey any and all real estate, if she desires to do so."

When this paragraph is considered alone it appears that it is sufficient to invest the widow with the fee simple title. Neither in it nor elsewhere in the will is any devise "made of the devised premises, to take effect after the death of the devisee," and considered alone, it comes

within the terms of Section 551, Revised Statutes 1919, and, under that section, would have to be held to convey to the devisee an absolute estate in fee simple. [Payne v. Reece, 297 Mo. 54.] The power of disposition conferred by the language of this paragraph is not one merely inferable from the nature of the estate devised but, in addition, is expressly conferred, in terms, and is as full, complete, unrestricted and unhampered as language could make it. It is obvious that merely to add to words which convey a fee express words which make explicit a power to convey which is implicit in words which create the fee, raises no implication of a limitation or diminution of the fee.

II. The fourth paragraph does not show an intent to create a life estate. There is no devise over. There is no request or even recommendation that the devisee shall make a will which will give the property, remaining at her death, to Christian's children. The paragraph expressly leaves that matter to the "pleasure" of the widow. That section does not bring within its contemplation any property which Elise had conveyed prior to her death under her right to dispose of the property as she would; and if it has anything to do with the property which remained it has only that to do with it which its. language indicates—i. e., to say to the widow she might "at her pleasure," make a will which would devise the property to Christian's children. This language is purely permissive. There is nothing precatory in it. It contributes nothing toward the implication of an intent to create a life estate, it imposes no obligation to make a will, and none, if one is made, to make it in any particular way, so far as a division of the property by it is concerned. In fact, it expressly leaves the whole matter to the pleasure of the widow.

*Property Remaining.*

III. Even if the will be construed so that the devise to the widow be held to be such that the fourth para-

graph constituted a direction to her as to the disposition of the property in her hands at her death, yet appellant is in no better position. The language of the fourth paragraph could not be held to require the widow to make an equal division, under any rule, and the division she did make will stand unless this court adopts the doctrine of illusory appointments. That doctrine now has nothing in the way of logic to support it in a case like this and has never been applied as a rule of decision by any American court, save one. It has been wiped out by statute in England. [Fidelity and Columbia Trust Co. v. Barret, 179 S. W. (Ky.) 396, L. R. A. 1916D, p. 493, and note, p. 498, et seq.]

*Illusory Appointment.*

The judgment is affirmed. All concur.