AUGUST WIECHERT v. W. J. WIECHERT et al., Appellants. — 294 S. W. 721.

Division One, May 24, 1927.

1. **WILL: Construction: Presumption against Intestacy: Devise of Another's Property.** The presumption is against intentional partial intestacy, and a further presumption to be indulged is that the testator intended to dispose of his own property, and not to devise something he did not own. And this last presumption is aided by a will providing for the sale of the real estate devised and the distribution of the proceeds among certain of testator's children.

2. ———: ———: **Omission of Small Tract: Devise of· Similar Tract Belonging to Others.** Where the testator omitted from the description of the lands contained in his will a five-acre tract adjoining his home place which he had owned for thirty years, and· described another five-acres which he did not own but which adjoined another large farm owned by him, and gave all his real estate to his wife for life and directed his executors at her death to sell it and· divide the proceeds among his five children, and it is apparent that his five-acre tract was simply wrongly .described, the··will should be construed to have devised the five acres he owned.

3. ———: ———: **Correcting Words of Description.** If the clause of the will devised "my . . . five acres, more or less, off the north side of the south half of the northwest quarter" of Section 17, and the evidence clearly shows that the words "south half of the northwest quarter" are an erroneous description of the five acres testator owned, and that if these words were omitted and the remaining words "my . . . five acres, more or less, off the north side of" Section 17, would describe the only five-acre tract he owned, the correction should be made by omitting··the erroneous descriptive words,·and the will construed to have devised the five acres.

Corpus·Juris-Cyc. References: Wills, 40 Cyc., p. 1409, n. 4; p. 1427, n. 2; p. 1559, n. 23.

Appeal from Morgan Circuit Court.—*Hon.·Henry J.·Westhues,* Judge.

AFFIRMED.

*Bohling & Bohling* for appellants.

(1) If there is no ambiguity in the will, no. oral evidence can be received to change it. Sec. 555, R. S. 1919; Brown v. Tuschoff, 235 Mo. 449. (2) · Words of the description of a devise of land by will being unambiguous it is error to receive oral evidence to change or add to or deduct from the will. Krechter v. Grofe, 166 Mo. 384; Davis v. Davis, 8 Mo. 56; Lomax v. Lomax, 218 Ill. 629, 6. L. R. A. (N. S.) 942. (3) The petition does not state facts sufficient to constitute a cause of action. Authorities, supra. (a) The point that the petition does not state facts sufficient to constitute a. cause of action is never waived, and may be taken advantage of for the first time on appeal. Sec. 1230, R. S. 1919; Andrews v. Lynch, 27 Mo. 167; Burns v. Patrick, 27 Mo. 434; Syme v. Steamboat, 28 Mo. 335; Weil v. Greene County, 69 Mo. 281; Wells v. Mutual Benefit, 126 Mo. 630; State ex rel. v. Smith, 141 Mo. 1; State ex rel. v. Smith, 177. Mo. 69, 92·; Kaukauna Co. v. Green Bay Co·., 142 U. S. 254; Smith v. Burrus, 106 Mo. 97.

*John J. Jones* for respondent.

(1) The controlling guide in construing a will is to ascertain the intention of the testator. Turner v. Timberlake, 53 Mo.·371; Gaines.v.

Fender, 57 Mo. 342. (2) This intention must be determined from the words of the instrument, as applied to the subject-matter and the surrounding circumstances. Nichols v. Boswell, 103 Mo. 151; Owen v. Eaton, 56 Mo. App. 563. (3) In giving a proper and practical construction to a will, technical rules must yield to the obvious intention of the testator, gathered from all parts of the instrument and as illustrated by evidence of his situation and surroundings. Small v. Field, 102 Mo. 104, 14 S. W. 815.

ELLISON, C.—Suit to quiet title to five acres of land in Morgan County, described as the north five acres, more or less as now fenced, of the *northwest* quarter of the *northeast* quarter of Section 17, Township 42, Range 19. The plaintiff claims title by deed from the executors of the will of William Wiechert, who died, in October, 1920. By the third clause of his will, executed in September, 1906, the testator devised to his wife, for life, "all my land lying south of the branch in the Southeast Quarter of Section Eight (8) and all of the Southwest Quarter of Section Eight (8), lying South of the Creek, including the Creek, running through said quarter section, also the North half of the Northwest Quarter of Section Seventeen (17) and five acres, more or less, off the North side of the *South half* of the *Northwest* Quarter of said Section Seventeen (17), all in Township Forty-two (42) of Range Nineteen (19)," and directed that at her death his executors should sell the real estate so devised and divide the proceeds among five named children. In a later paragraph of the will the land is stated to be in Morgan County, Missouri.

The testator did not own the five-acre tract answering the description last appearing in the above quoted clause of the will, but had owned ever since 1877 the five-acre tract described in the executors' deed and petition. The will did not dispose of the latter unless the description of the five acres contained in the will can be held to refer thereto; otherwise the testator died intestate with respect to it. There was no residuary clause.

The plaintiff's petition alleged that the testator fully intended to devise the five acres sued for, and that title to the same was conveyed by his will, notwithstanding the land was erroneously described therein, through mistake of the scrivener. The defendants, who were the heirs of the testator (except the plaintiff and such as had quitclaimed to the plaintiff), resisted the action on the theory that the testator died intestate as regards the tract in controversy, and that proof of extrinsic facts was inadmissible to subject the same to the operation of the will, since the instrument was complete on its face. The proof objected to was admitted in evidence, the decision of the trial court was for the plaintiff, and the defendants have appealed. On the appeal counsel submit the case on the one question of law just stated.

It appears that the testator was a large landowner. The real estate devised to his wife by the third clause of his will, already quoted, was his home place and contained 200 acres or more. Other farms, aggregating 676 acres, were left to certain of his children in the clauses following. The only land he owned in Section 17 was a twenty-acre tract in the extreme southwest corner thereof, which was otherwise disposed of in the will, the eighty acres in the northwest corner of the section, which was a part of the home farm willed to the wife, and the five-acre tract omitted from the will and sued for in the petition. This five-acre tract lay on the north side of Section 17 and fit into a corner of the home place, adjoining the east end of the eighty acres in Section 17, and the south side of that part of the farm located in the southeast quarter of Section 8. The five acres described in the will, but not owned by the testator, was a strip of land 82½ feet wide and half a mile long adjoining the south side of the eighty acres.

In the circumstances shown by the record and sketched in the foregoing paragraphs the judgment of the trial court was right, under an unbroken line of decisions extending back for nearly three-quarters of a century. [Riggs v. Myers, 20 Mo. 239; Creasy v. Alverson, 43 Mo. 13-21; Thomson v. Thomson, 115 Mo. 56, 63-8, 21 S. W. 1085 and 1128; Briant v. Garrison, 150 Mo. 655, 667-8, 52 S. W. 361; Board of Trustees v. May, 201 Mo. 360, 365, 367-8, 99 S. W. 1093; McMahan v. Hubbard, 217 Mo. 624, 637 et seq., 118 S. W. 481; Mudd v. Cunningham, 181 S. W. 386; Myher v. Myher, 224 Mo. 631, 637, 123 S. W. 806; Andre v. Andre, 288 Mo. 271, 284-5, 232 S. W. 153.]

While the cases from other jurisdictions are not in harmony, Pate v. Bushong (Ind.), 63 L. R. A. 593, 100 Am. St. 287; Lomax v. Lomax (Ill.), 6 L. R. A. (N. S.) 942; Re Boeck (Wis.), L. R. A. 1915E, 1008, the weight of authority seems to be in accord with the doctrine announced in the decisions in Missouri. By statute the duty is enjoined upon all courts of this State concerned in the execution of wills, to ascertain and give effect to the true intent and meaning of the testator, having due regard to the directions of the will. [Sec. 555, R. S. 1919.] In construing a will with an eye to questions such as the one raised here, courts start with a presumption against intentional partial intestacy. The further presumption is indulged that the testator intended to dispose of his own property, and not to will away something he did not own. This is true whether or not the word "my" or other words importing ownership appear in the will as descriptive of the property devised or bequeathed. [McMahan v. Hubbard, supra, 217 Mo. l. c. 641; Pate v. Bushong, supra, 63 L. R. A. l. c. 599, 601, 100 Am. St. l. c. 297, 301; Collins v. Capps, 235 Ill. 560, 85 N. E. 934, 126 Am. St. 232, 235; Stevenson v. Stevenson, 285 Ill. 486, 503, 509 et seq. (minority opinion).] The presumption

is aided in the instant case because the will provides for the sale of the real estate devised and the distribution of the proceeds among certain of the testator's children.

Applying these presumptions and considering the record facts the conclusion is irresistible that the testator *intended* to devise the five acres described in the plaintiff's petition. That intention should be effectuated if the same may be done without violating the written provisions of the will, or, more accurately, if sufficient appears in the will to reflect the actual intention by the light of extrinsic evidence identifying the subject-matter. The clause in question devises (my) "five acres, more or less, off the North side of the South half of the Northwest Quarter" of Section 17. It is shown conclusively that the words south half of the northwest quarter appearing in the description are erroneous. Upon the excision of these words and their connectives the description remaining would be (my) "five acres, more or less, off the North side of . . ." said Section 17. That the erroneous part of the description may be thus rejected and the good part used, is established not only by the cases cited, but by law anciently crystallized in the maxim *Falsa demonstratio non nocet,* etc. [Broom's Legal Maxims (8 Ed.) p. 483.] The description thus remaining, illuminated by the attendant circumstances shown, makes the will operate upon the five acres in dispute, which results in affirmance of the judgment below. *Lindsay* and *Seddon, CC.,* concur.

PER CURIAM:—The foregoing opinion by ELLISON, C., is adopted as the opinion of the court. All of the judges concur.