## PFEIFER v. WRIGHT.

District Court, N. D. Oklahoma. July 13, 1929.

No. 432.

Miller & Stephenson, of Sapulpa, Okl., for plaintiff.

Embry, Johnson & Tolbert, of Oklahoma City, Okl., for defendants.

KENNAMER, District Judge. Plaintiff seeks, by her petition, to quiet title to one-half of the residuary estate of James H. Wright, and to require security for the delivery over to her of said portion of the estate after the decease of the defendant, whom, it is claimed, has but a life estate in the half affected in this action. Plaintiff, a resident of the state of Kansas, alleges that she is the illegitimate daughter of the deceased, James H. Wright; that the defendant, a citizen and resident of the state of Oklahoma, is the widow and executrix of the estate of the deceased; that the deceased, in the state of Kansas, performed certain acts legitimating her; and specifically pleads the Kansas statute, as follows: "They shall also inherit from the father whenever they have been recognized by him as his children; but such recognition must have been general and notorious, or else in writing." Rev. St. Kan. 1923, 22—122.

It is further pleaded in the bill of complaint that the defendant is exercising complete ownership over the entire estate of the deceased, and is doing acts clearly evidencing her claim of ownership of the entire estate, and is doing things inconsistent with the life estate plaintiff contends the defendant took as to one-half of the residuary estate; that such acts on the part of the defendant show her claim to an absolute ownership of said half of the estate, and that plaintiff is entitled to a decree establishing her interest in the estate, for injunctive relief, as well as equitable relief, and a construction of the will involved, which is in the following terms:

"Guthrie, Oklahoma, January 17, 1923.

"In the name of God amen:

"I, J. H. Wright of Sapulpa, Oklahoma, being of sound mind and memory, but knowing the uncertainty of life, do now make and publish this my last will and testament.

"First. It is my will and I do hereby authorize and direct the person hereinafter named as executor to pay the expenses of my last illness, and of my funeral as soon as practical after my decease.

"Second. I do hereby will, devise and

bequeath all property and estate, real and personal, or mixed belonging to me at my decease as follows, to be to said devisees and legatees, each and all of them, in severalty, and to their and each of their heirs, forever; that is to say:

"I do will and devise and bequeath to John R. Wright my brother one dollar ($1.00) to my sister Rosa Rettenmeyer of DeBeque Colorado the sum of one hundred dollars ($100.00).

"To my sister, Anna V. Shaffer, Chandler, Oklahoma, the sum of one dollar ($1.00).

"To my sister Mary Tucker, Buffalo Kansas, one thousand dollars ($1,000.00).

"To Frank Denham, my nephew one thousand dollars, ($1,000.00).

"To Miss Grace Bartlett, of Tulsa, Oklahoma one thousand dollars ($1,000.00).

"To Miss Ova Edge of Sapulpa Oklahoma five hundred dollars ($500.00) if not married.

"To Onalee Pettett, five hundred dollars ($500.00) if not married.

"Bertha Fay Stripling five hundred dollars ($500.00).

"Mabel Spence, five hundred dollars ($500.00).

"Minnie Pfeifer of Fredonia Kansas one thousand dollars ($1,000.00) and the farm she lives on if not transferred before.

"And I give and bequeath to my wife, Rosa B. Wright the balance of my property both real and personal to be used by her so long as she lives and enjoys the same. And to be Executor of my estate without bond.
"[Signed] J. H. Wright.
"Witnesses: Nell G. Darrough,
"Mattie Christ,
"Marion Madsen, Guthrie."

Plaintiff asks that a decree be entered quieting her title to one-half of the residuary estate, subject to the life estate of the defendant, for bonds or security for the delivery of the money or securities passed to the defendant for her use during her life. The bill of complaint takes the position that the plaintiff, an illegitimate daughter of the deceased, has been legitimatized by her father according to the laws of Kansas, where they lived, and where the father was domiciled at the time of the legitimation, is an heir of the deceased; that the will, after making specific legacies and devises, grants to the defendant a life estate in the residue of the estate; that the plaintiff, as a child of the deceased, is entitled to one-half of the residuary estate, which, it is claimed, passes under the succession laws of Oklahoma, as intestate property; it not having been disposed of by the will of the deceased. To plaintiff's bill of complaint the defendant has interposed a motion to dismiss, and the case is before the court upon the motion.

It is urged in support of the motion to dismiss that the Kansas statute pleaded in the bill of complaint is a statute of succession, rather than one of legitimation, and that the statute of distribution and succession controlling in the instant case is the statute of the state of Oklahoma, as the deceased was domiciled in Oklahoma at the time of his decease. Undoubtedly the law governing the succession of real property must be the law of the situs of the real estate, and the law controlling the passing of personal property is the law of the domicile of the deceased. On the other hand, legitimation must be controlled by the law of the domicile of the father of the illegitimate child. See Harrison et al. v. Moncravie (C. C. A.) 264 F. 776; In re Presley's Estate, 113 Okl. 160, 240 P. 89.

Legitimation is a status, and such a relation is subject to the laws of the domicile of the parties, which in this case is the state of Kansas, as the bill of complaint alleges that the deceased was a resident of that state at the times he performed the acts necessary for a legitimation. However, there is a clear line of demarkation between a statute of legitimation and a statute of succession concerning illegitimate persons. In the former statute, a status or relation is established, which is the same, in effect, as a legal adoption of a child, or creates a relation existing between an illegitimate child and its father, as though the child were legitimate and born in wedlock. That relation comes about, under such statutes at the time of the performance of the acts specified in the law, as a recognition of the child by its father in writing, or by a notorious and general recognition, and upon the establishment of such a status the father is obligated to provide for the child, and is required to do everything for it that he is bound by law to do for a legitimate child. On the other hand, in statutes of succession affecting illegitimate children, property may descend to them as provided in the statutes; but such relations come into being and into effect only upon the death of the father of the illegitimate child. Such statutes are operative only upon the death of the person.

The significance in the present case is that the theory of plaintiff's bill of complaint is to the effect that plaintiff, an illegitimate child, has been legitimatized by her father, the deceased, in the state of Kansas,

and by reason thereof she is his legal heir in Oklahoma. Certainly, if she has been legitimatized in Kansas, such status will be recognized in Oklahoma. If she has not been legitimatized in Kansas, she cannot claim as an heir in Oklahoma, unless she has been legitimatized by her father in the state of Oklahoma, in accordance with the laws of the latter state. The Kansas statute pleaded in the bill is one of succession, which cannot affect the property of the deceased in Oklahoma; the bill is insufficient, in that no statute of legitimation of the state of Kansas is pleaded. However, a determination of this question is not necessary, in view of the construction I have given to the will of the deceased.

█ Plaintiff contends that the defendant was given a life estate in the residue, and that she did not take a fee title thereto. This contention is predicated upon the language used by the testator, viz. "to be used by her so long as she lives and enjoys the same." There is no dispute over the fact that both the real and personal property of the deceased passed under the will, but plaintiff contends that only a life estate was granted by the will to the widow of the residue. It is urged that section 11268, C. O. S. 1921, is controlling, which is as follows: "All the parts of a will are to be construed in relation to each other, and so as to form one consistent whole, if possible, but where several parts are absolutely irreconcilable, the latter as to position must prevail." Section 11264, C. O. S. 1921, is as follows: "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

It is to be observed that the rules of construction at common law have been embodied in the Oklahoma statutes, and that such rules must govern in the construction of the will involved in this action. The Supreme Court of the United States, speaking through Chief Justice Marshall, in Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322, said: "The first and great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law." This rule has been universally followed by the courts in construing wills, and the reason therefor is obvious.

Justice Taft so well expressed the law governing the construction of subsequent portions of wills in the case of Stowell v. Hastings, 59 Vt. 494, 8 A. 738, 739, 59 Am. Rep. 748: "In determining what estate is given the first taker, the whole will should be considered, and all the clauses construed together. Even in those cases where an absolute estate is in terms given, if subsequent passages unequivocally show that the testator meant the legatee to take a life interest only, the prior gift is restricted accordingly—and cites Jarman on Wills, c. 15; Richardson v. Paige, 54 Vt. 373; McCloskey v. Gleason, 56 Vt. 264, 48 Am. Rep. 770; Smith v. Bell, 6 Pet. 68, 8 L. Ed. 322.

Applying the rule of construction announced by Judge Taft, there is not to be found, in the will under consideration, any subsequent passage in the will unequivocally limiting the absolute estate devised and bequeathed to the widow to that of a life estate. The will does not expressly limit the estate to one for life, for clear language is not employed. The language in all other parts of the will is direct and they bear of no question as to their meaning. The bequest to the widow of the residue of the estate is clear and direct, except that there is added, "to be used by her so long as she lives and enjoys the same." It is to be observed that no disposition is made of the estate after the widow ceases to live and enjoy the estate, tending to show that the testator intended that no further directions were needed, as he had made a final and complete disposition of all of his property. The language employed is in the conjunctive, and, if plaintiff's contention is to be adopted, an estate less than a life estate might have been granted, for it is provided that it is to be used by the widow "so long as she lives and enjoys the same." In other words, plaintiff urges that the widow has a life estate so long as she lives and enjoys the residue of the estate; if she continues to live, but ceases to enjoy it, the life estate ends, and plaintiff succeeds to the one-half interest in the remainder under the laws of succession, as an heir.

The paragraph of the will numbered second recites that the testator willed, devised, and bequeathed all property belonging to him, evidencing a clear intent to dispose of his entire estate by the will, eliminating the possibility of a succession of his estate by statute. The same paragraph also states that the gifts and devises are to the persons named thereafter and to their heirs forever, indicating that the testator intended that all gifts and devises thereafter enumerated, which includes the residuary clause of the will, were to be in fee. In other words, all of the gifts and devises were to be of the

same quality and extent as clear language was used that the devisees and legatees, and their heirs, were to have the entire estate, excluding the succession of the estate, or any part thereof, directly to the heirs of the testator.

Provision is made for various persons, and it is to be noted that plaintiff was given more than any person mentioned in the will, other than the widow, indicating that the deceased had given her all that he intended she should have under his will.

The reasonable construction to be placed upon the words employed in the will, "to be used by her so long as she lives and enjoys the same," is that the deceased expressed a desire that the widow might enjoy the estate; certainly, she could not enjoy it if she were not living, so the insertion of these words, "so long as she lives," was a way of expressing desire concerning her enjoying the estate. No limitations were placed upon the residue; the widow was not limited or restricted in her use of the residue, other than that she is to enjoy it while she lives, as that is the only time she could enjoy it. It is my view that such words do not limit the fee estate devised and bequeathed by the will, but that the intention of the testator, evidenced by the will as a whole and by the clear language employed in other parts of the will, as well as by the failure of the testator to limit the use of the residue, or to cut down the absolute estate willed by clear and unequivocal language, granted a fee estate to the widow, and that the use of the words in the will do not limit the estate to that of a life estate.

The motion to dismiss plaintiff's bill of complaint is sustained.