## SHOAF et al. v. WRIGHT, Ex'x.

No. 24770. Sept. 10, 1935.

Rehearing Denied Oct. 8, 1935.

R. E. Stephenson, Clyde Andrews, and John R. Miller, for plaintiffs in error.

Speakman & Speakman and Embry, Johnson, Crowe & Tolbert, for defendant in error.

CORN, J. This is an action by plaintiffs in error, plaintiffs in the court below, and hereinafter referred to as plaintiffs, against defendant in error, defendant below, and herein referred to as defendant, to establish rights as heirs of James H. Wright, deceased, in the estate of decedent, to quiet their title, and to require defendant to account and to give security for delivery of the remainder of such property.

This action involves the will of James H. Wright, deceased; the plaintiff Anna Shaffer is a sister of testator, and a legatee of one dollar under the will, which she has received; the plaintiff Sadie Shoaf is a daughter of Mary Tucker, sister of testator, who was legatee and received $1,000 under the will; the testator died without "issue"; the defendant is the surviving widow of testator, and the property involved was acquired by the joint industry of testator and defendant during coverture.

The only question to be determined in this case is the interpretation of the following will:

"Guthrie, Oklahoma, Jan. 17, 1923.

"In the Name of God Amen:

"I. J. H. Wright, of Sapulpa, Oklahoma, being of sound mind and memory, but knowing the uncertainty of life do now make and publish this my last will and testament:

"First, it is my will and I do hereby authorize and direct the person hereinafter named as executor to pay the expenses of my last illness, and of my funeral as soon as practical after my decease.

"Second, I do hereby will, devise and bequeath all property and estate, real and personal, or mixed belonging to me at my decease as follows, to be to said devisees and legatees, each and all of them, in severalty, and to their and each of their heirs, forever, that is to say:

"I do will, devise and bequeath to John R. Wright my brother one dollar ($1.00), to my sister Rosa Rettenmeyer of DeBeque, Colorado, the sum of one hundred dollars ($100.00).

"To my sister, Anne V. Shaffer, Chandler, Oklahoma, the sum of one dollar ($1.00).

"To my sister, -Mary Tucker, Buffalo, Kansas, one thousand dollars ($1,000.00).

"To Frank Denham, my nephew, one thousand dollars ($1,000.00).

"To Miss Grace Bartlett, of Tulsa, Oklahoma, one thousand dollars ($1,000.00).

"To Miss Ova Edge of Sapulpa, Oklahoma, five hundred dollars ($500.00) if not married.

"To Onalee Pettet, five hundred dollars ($500.00) if not married.

"Bertha Fay Stripling, five hundred dollars ($500.00).

"Mable Spence, five hundred dollars ($500.00).

"Minnie Pfeifer of Fredonia, Kansas, one thousand dollars ($1,000.00), and the farm she lives on if not transferred before.

"And I give and bequeath to my wife, Rosa B. Wright, the balance of my property both real and personal, to be used by her so long as she lives and enjoys the same. And to be executor of my estate without bond.

(Signed)    "J. H. Wright."
(Witnesses)  "Nell G. Darrough,
             "Mattie Christ,
             "Marion Madsen,
                "Guthrie."

Plaintiffs contend that the phrase, "to be used by her so long as she lives and enjoys the same," limits the gift to defendant to a life estate.

This is denied by defendant, who contends: That the will gives her the whole estate, except the specific bequests to others therein mentioned.

Judge Kennamer, in the case of Pfeifer v. Wright, in the District Court of the United States for the Northern District of Oklahoma, 34 Fed. (2d) 692, construed this will, and held that it granted a fee estate to defendant; and that the phrase, "to be used by her as long as she lives and enjoys the same," does not limit the estate to that of a life estate.

It was held in Green et al. v. Young et al. (Tenn.) 40 S. W. (2d) 793, that: "Testamentary disposition of all testatrix' property to husband 'to be used by him for his

support and comfort during his life, held to convey fee simple."

And other authorities supporting the same proposition are cited in the argument.

The intention of testator to dispose of the whole of the estate by this will is manifest from the statements in the will, declaring his intention to will, devise, and bequeath to the named legatees and devisees and their heirs, forever, all property and estate belonging to him at his decease.

The contention of plaintiffs that the gift of the use of personal property during life grants merely a life estate in the first taker, is not relevant here; and the cases cited by plaintiffs in support of such contention are clearly distinguishable from the case at bar.

Such arguments of plaintiffs rest upon the assumption that the will gives defendant only a life estate; and since such assumption is erroneous, the argument is irrelevant.

Authorities cited by plaintiffs relative to wills containing express limitations and remainders over to subsequent takers are not applicable here, because there are no limitations or remainders over to subsequent takers after the death of Mrs. Wright.

The contention of plaintiffs that "the grant of a life estate without a gift over of the remainder vests only a life estate in the first taker," merely concludes the obvious from the premises stated. Of course, the grant of a life estate vests only a life estate in the grantee; and if it be only a life estate, it will remain such, whether there is a limitation over or not.

But the point is: If there be a remainder given to a second taker, it tends to make clear that only a life estate was intended for the first taker; but if there be no limitation over, as in the instant case, that fact strongly argues that more than a life estate was intended for the first taker.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.