Eva A. SHAW, Guy D. Shaw, Robert C. Smith, Reuban J. Smith, Archie M. Smith, Minnie Mellott Thornburg, Pearl DePue Hart and Anna DePue Ream, Appellants,

v.

Julia Mellott WERTZ et al., Respondents.

No. 49773.

Supreme Court of Missouri,

Division No. 2.

July 8, 1963.

T. Bryant Johnson, Thomas M. Johnson, Osceola, for appellants.

Ewing, Ewing, Ewing, Carter & Wight, Robert L. Ewing, Nevada, for respondents.

STOCKARD, Commissioner.

Plaintiffs have appealed from the judgment of the Circuit Court of Vernon County wherein it was decreed that they have no title to the Southwest Quarter of Section 22, Township 35 North, Range 31 West. Title to real estate is involved and this court has appellate jurisdiction.

The petition is entitled an action for partition, but it is in fact a petition to determine title to real estate, and then to partition in the event plaintiffs are determined to have an interest therein.

The land was owned by Silas H. Mellott, also known as S. H. Mellott. His last will and testament in its entirety, except for signatures, was as follows:

"This is my last Will and Testament, written on this the Twentieth day of January, Nineteen Hundred and Twelve.

"Therefore, be it known to all concerned, that I, S. H. Mellott at my death (and after my just debts are paid) do Will and Bequeath all the remainder of my property of whatsoever nature, to my beloved wife Mrs. Clara M. Mellott-nee Roy, she to have complete control and free will in the management and disposal of same so long as she may live."

Mr. Mellott died in 1918 without issue. His will was probated and his widow, Clara M. Mellott, took possession of the land. Mrs. Mellott died testate in 1951. By her will she purported to "give, devise and bequeath" the land to Marie Dale, one of the defendants. Plaintiffs are some of the heirs at law of Silas H. Mellott. Defendants are the other heirs at law who are not plaintiffs, Marie Dale and her husband, and certain others whose presence is immaterial. The question presented for determination is whether by the provisions of the will of Silas H. Mellott there was given to Clara M. Mellott a life estate only or an estate in fee simple. The trial court held that she received a fee, that plaintiffs, as heirs at law of Silas H. Mellott, had no interest in the land, and that Marie Dale was the owner thereof.

By Section 474.430 RSMo 1959, V.A.M.S., and the prior statutes on the subject, we are admonished that "All courts * * * shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them." Such true intent and meaning of the testator must be determined from the entire will, and "not from single words, passages, or sentences," Russell v. Eubanks, 84 Mo. 82, 86, and must be enforced unless it conflicts with public policy or positive law. Vaughan v. Compton, 361 Mo. 467, 235 S.W.2d 328, 330; Smith v. Smith, 359 Mo. 44, 220 S.W.2d 10, 12.

It has long been the rule in Missouri that in wills the use of the words "heirs and assigns" is not necessary to convey a fee simple title. Roth v. Rauschenbusch, 173 Mo. 582, 73 S.W. 664, 61 L.R.A. 455; Vaughan v. Compton, supra at 235 S.W.2d p. 330. Instead, whether or not a fee or some lesser estate is conveyed is to be determined from the language used, and

in making this determination it is to be assumed that the testator knew and understood the meaning and legal effect of the words used. In this case, by the language "I * * * do Will and Bequeath all the remainder of my property of whatsoever nature, to my beloved wife, Mrs. Clara M. Mellott-nee Roy," the testator would unquestionably have conveyed a fee simple title to his wife if he had there stopped. Estill v. Ballew, Mo., 26 S.W.2d 778, 779; Presbyterian Orphanage of Missouri v. Fitterling, 342 Mo. 299, 114 S.W.2d 1004; Fries v. Fries, 306 Mo. 101, 267 S.W. 116. The decisive question is, what is the effect of adding to the above language the words, "she to have complete control and free will in the management and disposal of same so long as she may live."

■■■ It has been held that a devise of land which is in no wise limited as to enjoyment or duration, and which carries with it an absolute power and "right to sell, use and otherwise dispose of said property" conveys a fee simple title. Presbyterian Orphanage of Missouri v. Fitterling, supra; Vaughan v. Compton, supra 235 S.W.2d at p. 331. Therefore, if the words "so long as she may live" were not at the end of the phrase, the preceding words simply expressed power and authority which the devisee would have had by virtue of the previous language granting a fee, or as stated in Fries v. Fries, supra 267 S.W. at p. 118, "to add to words, which convey a fee, express words which make explicit a power to convey which is implicit in words which create the fee, raises no implication of a limitation or diminution of the fee." We must, therefore, determine whether by the addition of the words "so long as she may live" the testator intended that the previously granted fee, with the explicit power to control, manage and dispose of the land, be reduced or cut down to a life estate only.

■■■ If it be held that the quoted six words reduced the previously granted fee to a life estate the testator would have died intestate as to the remainder over after the life estate. Johnson v. Antry, Mo., 5 S.W.2d 405. This would be contrary to the express language used in the will. Note that the testator first provided for the payment of his "just debts," and he then expressly purported to dispose of "all the remainder of my property of whatsoever nature." Therefore, if the devise to the widow is considered to be a life estate only this would result in "all the remainder" of his property not being disposed of contrary to his intention as evidenced by the express language used in the will. In addition, notwithstanding the conflict with the express language used, there is a presumption against intentional partial intestacy. Wiechert v. Wiechert, 317 Mo. 118, 294 S.W. 721; Lang v. Estorge, Mo., 242 S.W. 2d 50; Lutheran Altenheim Soc. of Missouri v. Younghouse, 365 Mo. 39, 275 S. W.2d 361; Gehring v. Henry, Mo., 332 S. W.2d 873. But where, as here, the will indicates the testator's intent to make a complete disposition of all of his property, and no plain, unequivocal language, or law, demands a contrary interpretation, it is then said that there is a *strong* presumption against partial intestacy. McElroy v. Fluker, Mo., 265 S.W.2d 361; In re Fowler's Estate, Mo., 338 S.W.2d 44. The correct and applicable rule to the present situation is stated in Vaughan v. Compton, supra, 235 S.W.2d at p. 331, as follows: "It may be conceded that when property is devised in general terms, and without the use of any qualifying words denoting that a specific quantum as to estate is being conveyed, that such estate may be later limited or converted to a life estate by the further use of other words or clauses implying that of necessity the estate granted is only for the life of the devisee, with a remainder over to certain named others. * * * But such a limitation over must clearly appear, and the expressions and words used to denote such limitation over must be not only free from ambiguity but must exclude any other construction. * * * The intention to create an estate subject to a condition or qualification 'must be definitely and clearly shown by the use of apt and suffi-

cient words' not inconsistent with the other words of the instrument." We think that by the language first used the testator conveyed a fee, and that the subsequent language did not limit or convert that fee to a lesser estate for life because there was no limitation over whatever, and the words used upon which plaintiffs rely are not free from ambiguity, and if construed to reduce the estate to a life estate are inconsistent with the other words of the will.

Plaintiffs argue that the intent of the testator is to be ascertained from the whole instrument, and that every clause if possible must have some operation and be effective for some purpose. They cite Snow v. Ferril, 320 Mo. 543, 8 S.W.2d 1008; Bond v. Riley, 317 Mo. 594, 296 S.W. 401; and Lehmann v. Griffin, 224 Mo. App. 657, 31 S.W.2d 271. We, of course, agree with this contention. It does not, however, require or result in the conclusion that a life estate only was intended. Here, the phrase "so long as she may live" is susceptible of more than one construction. One is, admittedly, that the quantum of the estate is reduced as plaintiffs contend. But, as previously pointed out, that construction conflicts with other express language of the will, and it runs directly into the face of a "strong presumption" to the contrary. The language is also subject to the construction that the testator wanted to express doubly his intention that his widow was to enjoy full unfettered ownership of the land, or what in legal terminology is called a fee simple title. It has repeatedly been held that when a provision in a will is fairly open to more than one construction, that construction which results in intestacy, particularly when the will otherwise indicates that partial intestacy was not intended, will not be adopted if it can be avoided by any other reasonable construction. Lutheran Altenheim Soc. of Missouri v. Younghouse, 365 Mo.

39, 275 S.W.2d 361; Lang v. Estorge, Mo., 242 S.W.2d 50; Smoot v. Harbur, 357 Mo. 511, 209 S.W.2d 249; Plummer v. Brown, 315 Mo. 627, 287 S.W. 316. We conclude, pursuant to the above rules of construction, that the devise to Clara M. Mellott was a fee simple title to the real estate conveyed by the will.

It is not often that the language of a bequest in different wills is identical, and we have found no case construing language identical to that here. However, we have found two cases, Pfeifer v. Wright, D.C., 34 F.2d 690, and Shoaf v. Wright, 174 Okl., 87, 49 P.2d 526, construing the following provision in the same will: "And I give and bequeath to my wife, Rosa B. Wright, the balance of my property both real and personal, to be used by her so long as she lives and enjoys the same." The will contained no provision purporting to dispose of a remainder over. In each case it was held that the wife received fee simple title to the realty. While we do not consider the above cases controlling, they are useful for comparison purposes.

For the reasons previously set out we rule that Clara M. Mellott received a fee simple title to the realty involved, and that the trial court correctly ruled that plaintiffs, as heirs at law of Silas H. Mellott had no interest therein. We need not rule those other matters which depended upon a different result to be essential to disposition of this appeal.

The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.