W. H. ROBNETT *et al.*, Defendants in Error, *v.* MARY C. ASH-LOCK, Plaintiff in Error.

1. *Will — Conditional clause in — Effect of.*—The opening clause of a will was as follows: "I this day start for Kentucky; I may never get back. If it should be my misfortune, I give my property," etc. *Held*, that the visit to Kentucky was not named merely as the occasion of making the will, as from its supposed risks reminding him of the necessity or propriety of the act, but that his death prior to his return from Kentucky was the condition on which the will depended for its efficacy, and in case of his return it became void.

*Error to Callaway Circuit Court.*

*J. A. Flood,* for plaintiff in error.

Testator did not intend to make the validity of the will depend on his death while in Kentucky. (2 Metc., Ky., 364; *Ex parte* Lindsay, 2 Brad. Surr. 204; Thompson v. Connor, 3 Brad. Surr. 366.) He merely gave the reason or occasion that induced the will. (1 Redf. Wills, 176–80, § 16, and notes; Damon v.

Damon, 8 Allen, Mass., 192 ; *In re* Dobson, 1 Law Rep., 1 P. & D. 88 ; Martin's case, *id.* 380 ; Roberts v. Roberts, 8 Jur., N. S., 764 ; *Ex parte* Lindsay, *supra* ; Thompson v. Connor, *supra* ; *In re* Thorne, 11 Jur., N. S., 569 ; Burton v. Collingwood, 4 Hagg. 176.) The will cannot be made conditional except by supplying words, which cannot be done to defeat a will. (1 Redf. Wills, 430–4, 463.)

*Boulware & Hayden*, for defendants in error.

The will was contingent or conditional, and upon testator's return from Kentucky ceased to be operative. (Dougherty v. Dougherty, 4 Metc. 25 ; Maxwell v. Maxwell, 3 Metc. 101 ; Wagner v. McDonald, 2 Har. & J. 346 ; Case of Todd's Will, 2 Watts & Serg. 145 ; Parsons v. Lande, 1 Ves. Sr. 189 ; Sinclair v. Hone, 1 Ves. 407 ; Ambler, 557 ; Winn's case, 2 Swabey & T. 147.)

BLISS, Judge, delivered the opinion of the court.

The following will of George W. Hunt was admitted to probate in Callaway county:

"This 22d May, 1856. I this day start to Kentucky ; I may never get back. If it should be my misfortune, I give my property to my sisters' children (Katharine, Polly, Sally and Margaret) ; by giving Margaret's children as much again as the others, as they are the most helpless. I give my watch to the youngest niece or nephew, as long as she or he lives, and so on ; I give it to the family for a keepsake. You can prove the truth of this by the hand-write — all the neighbors may. The Lord prosper and bless us in this world and the world to come.

         her   "GEO. W. HUNT. [SEAL.]
"Attest : ELIZABETH ⋈ WON.
     mark.
  "WILLIAM HILL.
"Indorsed : 'My will.' G. W. H.'"

At the April term, 1870, of the Callaway Circuit Court, Warren H. Robnett and others interested in the estate of said Hunt presented their petition to the court, contesting the validity of

the will, whereupon an issue was made up under the provisions of chapter 131, section 29, Gen. Stat. 1865 (Wagn. Stat. 1368), and submitted to the court, which found that the said writing was not the will of deceased.

It was admitted that Mr. Hunt, immediately after executing the paper, went to Kentucky, and returned and lived in Missouri until his death, some thirteen years thereafter, and that after his death it was found among his papers ; also, that it was properly executed and attested. The decision was based upon the language of the instrument, the court holding the bequest to be conditional upon the testator being unable to return from Kentucky, and, having returned, it ceased to have any validity.

There is no peculiar rule governing the construction of this instrument. We have only to ascertain the real design of the testator, and in speaking of his contemplated visit to Kentucky we must inquire whether he named it as the occasion of making the will, as from its supposed risks reminding him of the necessity or propriety of the act, or whether it was his intention that the will should only become operative in case he did not return.

In Parsons v. Lanfe, 1 Ves. Sr. 190 (found also in Ambler, 557, a case decided by Lord Hardwicke, and frequently referred to in other cases), the condition of the bequest was, "If I die before my return from my journey to London," and the words were treated as conditional upon his death at that time. In the Goods of Winn, deceased, 2 Swab. 147, heard in 1861, a bequest "in the case of my decease during my absence" was also held to be conditional, and inoperative on the return of the testator. In these cases the conditional character of the bequest seemed not to be doubted, the main question being whether parol evidence should be received that the testators intended to abide by the will after their return. But such evidence was not admitted, as it would be making a will by word of mouth. And I understand it is uniformly held in the English courts of probate and in chancery, that where the words indicate that the will is to take effect in case of death during a certain journey, or before a certain event, or within a certain period, or upon any contingency, the will becomes a nullity if the testator survives the

time or event named, or if the contingency does not happen. The case of Burton v. Collingwood, 4 Hagg. 176, where a will with these words, "Lest I die before the next sun, I make this my last will," etc., was held in the Prerogative Court of Canterbury not to be conditional, does not contradict the doctrine of any other case, as it is evident that the fear of death before the next sun was named only as an inducement to make the will at once.

In the American cases the same view is universally taken. In the case of Todd's Will, 2 Watts & Serg. 145, the words "My wish, desire and intention now is, that if I should not return (which I will, no preventing Providence), what I own shall be divided as follows," etc., were held to be conditional. The testator, in feeble health, made the will as he was about to take a journey; he lived a month after his return, and the paper was rejected. In Maxwell v. Maxwell, 3 Metc. 101, the will was in the form of a letter addressed from Memphis to the testator's wife, and the words were, "If I never get back home, I leave you everything I have in the world," etc., and they were held to be contingent upon his return and inoperative after it. In Dougherty v. Dougherty, 4 Metc. 25, the words were, "As I intend starting in a few days to the State of Missouri, and should anything happen that I should not return alive, my wish is," etc. The author of the paper returned to Kentucky and died, and the instrument was held to be contingent and inoperative as a will.

Damon v. Damon, 8 Allen, 192, is relied on to sustain the paper under consideration. The will commenced as follows: "I, J. W. Damon, of Charleston, etc., being in sound mind and body, and being about to go to Cuba, and knowing the dangers of voyages, do hereby make this my last will and testament, in manner and form following: First, if by casualty or otherwise I should lose my life during this voyage, I give and bequeath to my wife Ann, the use and behoof of the house," etc. The second and third clauses contained other devises.

The testator returned from Cuba and died, and the court held that the introductory clause merely stated the motive for making the will, and hence it could not name a contingency to its becom-

ing operative, and held further that the words " if by casualty or otherwise I should lose my life," etc., only attached to and qualified the first bequest, and therefore, the will being operative as to the other bequests, should be admitted to probate. The judge declines to say authoritatively how far the condition qualifies the devises in the first clause, but intimates, if I understand his language, that it should be taken as controlling them.

· The paper under consideration is awkwardly drawn, but its purport seems to be clear. Had the language been, " I this day start for Kentucky; I may never come back; I therefore give," etc., the language would only express the occasion of making the will, and the bequest would be absolute. Or if, after expressing the doubt about his return, he had said, " lest I should not return," or words to that effect, " I give," etc., he might in that case be considered as merely expressing his sense of the propriety of making a will, without intending to make the disposition of his property contingent upon his not returning. I take the words after the first phrase to mean, If it should be my misfortune never to get back; or, If I die during my absence I give, etc. It is not easy to attach any other meaning to them, and with that meaning the bequest is made conditional upon his not returning, and could only become operative upon the contingency of his dying before his return.

It is suggested that the instrument should be sustained if possible, and not made self-destructive, etc. It is true that effect is to be given to every proper writing, but effect only according to its terms. This paper was good during the absence of decedent, and from its language it was only designed to cover that period. " If " may be a small word, but all know its meaning, and instead of a more formal phrase it is used in common language to express condition or limitation; and in giving it this meaning, I affirm every principle applicable to the construction of wills.

The judgment will be affirmed. Judge Wagner concurs. Judge Adams, having been of counsel, not sitting.