Jones, J.
While the usual testamentary words are not utilized in this instrument, the language used, supplemented by the testimony of the witnesses, is sufficient to disclose that the instrument in question was intended to be a will and a testamentary disposition of the property in case of death. 40 Cyc., 995, and Bailey v. Bailey et al., 8 Ohio, 239.
If otherwise valid, the fact that a testator has made a testamentary disposition dependent upon the contingency of failure to recover from illness does not invalidate the instrument in the event such recovery does not occur. In this case the disposition of the property was to- be made at her death, and upon the contingency that she did not recover. The authorities uniformly hol'd that contingent wills of this character are always upheld in the event of non-recovery, as they display the evident intention of the testator. Morrow's Appeal, 116 Pa. St., 440; Robnett et al. v. Ashlock, 49 Mo., 171; In re Todd’s Will, 2 Watts & S. (Pa.), 145; Dougherty &c. v. Dougherty &c., 61 Ky. (4 Met.), 25, and Magee et al. v. McNeil et al., 41 Miss., 17.
The complaint is now made, however, that the trial court erred in charging the jury that it was not' necessary for the subscribing witnesses to hear the testatrix declare that it was her will, or that she had signed her name thereto, if the witnesses actually saw the testatrix sign her name to the writing. The charge upon that subject given by the trial court is as follows:
“The testator may sign his own name or another may sign it for him in his presence and at his ex *311 press direction. A testator may sign by mark and direct the signing of his name by another. When witnesses, two or more, who are competent, see the testator sign his name to the writing, it is not necessary that they hear him declare that it is ■his will or that he has signed his name thereto.”
It is now claimed that this charge is in direct conflict with the law of this court as stated in the syllabus of Keyl et al. v. Feuchter, 56 Ohio St., 424. In respect to the execution of wills, Section 10505, General Code, is as follows:
“Such will must be signed at the end by the party making it, or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge it.”
The case of Keyl et al. v. Feuchter, supra, was reported in a per curiam to which the following syllabus was áttached: “One essential to the admission of a paper writing purporting to be a will to probate is that it shall have been acknowledged by the maker as his will, and his signature also acknowledged, in the presence of the two subscribing witnesses.”
Undoubtedly if the broad and natural significance be given to the quoted syllabus it is there held that in Ohio a will to be valid must be acknowledged by the maker as his will in the presence of two subscribing witnesses, even if they were present and saw him subscribe it. Under the practice of this court syllabi are infrequently attached to these per curiams, and in the case of Keyl et al. v. Feuchter, *312 supra, the quoted syllabus undoubtedly has gone beyond the scope which the facts in the case and the per curiam warrant. While the language of the syllabus states that one essential to the admission of a will is that it should be acknowledged by the maker as his will, an examination of the case discloses that the real issue involved was whether the signature of a testator, made in the absence of a subscribing witness, was acknowledged in the presence of the latter. And at the close of the per curiam that feature of the case was the only one disposed of by the court, for the court there finds that there was no acknowledgment by the maker “either of the paper as his will, or of his signature thereto, in the presence of that subscribing witness.”
The language of the Ohio statute relating to the execution of wills is somewhat different from that found in other states of the Union. Our statute requires the attestation and subscription of two witnesses, who (a) saw the testator subscribe, or (b) heard him acknowledge it. The last phrase is peculiar to the Ohio code and is not generally found elsewhere.
In this case the subscribing witnesses actually saw and helped the testatrix attach her signature to the instrument in question. The statute was therefore complied with by the attestation and subscription of two witnesses “who saw the testator subscribe.” This feature of the case distinguishes the following Ohio cases where the will was executed by the testator in the absence of the subscribing witnesses and where it was held that an acknowledgment was *313 necessary: Raudebaugh v. Shelley, 6 Ohio St., 307; Haynes v. Haynes, 33 Ohio St., 598, and Keyl et al. v. Feuchter, supra.
The charge of the court, in respect to the execution of this will is, therefore, not erroneous. The charge of the court is challenged in other respects, but, upon examination of the whole charge, we find no prejudicial error therein.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Matthias, Johnson and Merrell, JJ., concur.
Nichols, C. J., not participating.