In re ESTATE OF Bessie C.
RAU, Deceased.

No. 49620.

Missouri Court of Appeals,
Eastern District,
Division One.

April 1, 1986.

David J. Newburger, Susan Spiegel, St. Louis, for appellants.

John W. Thiebes, Pacific, for respondent.

SNYDER, Judge.

This is an appeal from a judgment of the probate division of the Circuit Court of Franklin County construing the will of Bessie Rau (testatrix) who died on May 20, 1983, at age 92. The probate court ruled that the anti-lapse statute, Sec. 474.460 RSMo.Supp.1984, applied. This court finds it does not apply; accordingly, the judgment is reversed and remanded.

Testatrix's typewritten will was executed in 1962. Her will ordered the payment of her debts, specifically disinherited her half-sister, and devised her residuary estate as follows:

All the rest, residue and remainder of my estate, real, personal and mixed I give, devise and bequeath in equal shares to

my brother RAYMOND C. WHITECOT-TON, my sister LAURA BASS, my sister HAZEL DOWNS and my sister FANNIE WRIGHT. Provided however, that in the event my brother or any of my sisters shall predecease me, his or her share shall be divided equally between the living legatees named in this paragraph of my will.

The brother and three sisters named as testatrix's residuary devisees had predeceased her and the trial court ordered her estate to be distributed to their lineal descendants per stirpes. The judgment relied on Sec. 474.460 RSMo.Supp.1984, the anti-lapse statute, to prevent the lapse of the devise to the four siblings who predeceased testatrix. Absent the application of the anti-lapse statute, the devise would pass by intestate succession.

Testatrix had two other siblings who had died prior to the execution of her will and were not named in her will. Appellants are the lineal descendants of these two siblings. They focus on the language contained in the devise that provides "in the event my brother or any of my sisters shall predecease me, his or her share shall be divided equally between the living legatees named in this paragraph."

Armed with this proviso, appellants stage a two-pronged attack on the applicability of the anti-lapse statute. First, they argue that the trial court erred in distributing the estate to the descendants of the named devisees because the devisees failed to meet the condition of the will that they survive the testatrix. Second, they assert that the language in the will expresses testatrix's intent that her devise to her named brother and sisters lapse if none of the four survived her.

Should the anti-lapse statute not apply, appellants would share in the distribution of testatrix's estate which would pass by intestacy.

Respondent Edmund A. Rau, executor of the estate of testatrix does not address the merits of appellants' contentions; he challenges only the propriety of the appeal. He contends the judgment merely construed the will and is not a decree of distribution pursuant to sec. 473.617 RSMo.1978 (prior to 1985 amendment), which would render it a final judgment for purposes of appeal under Sec. 512.020 RSMo.1978.

Appeals from the probate court are governed by Sec. 472.160 RSMo.Supp.1984. *Estate of Comia,* 657 S.W.2d 63, 64 (Mo. App.1983). Under the provisions of Sec. 472.160 any interested person may appeal from an order, judgment or decree of the probate division in thirteen specifically defined categories. Subsections (3) and (4) of Sec. 472.160.1 permit appeals of orders "On all apportionments among creditors, legatees or distributees," or "On all orders directing the payment of legacies, ..."

■ The probate court in its judgment stated:

[I]t is hereby ordered, decreed and adjudged as follows: The distribution of the residue of the estate shall descend to the descendants of Raymond C. Whitecotton, Hazel Downs, Fannie Wright and Laura Bass. If any of the named devisees died without descendants their share passes to the descendants of the other residuary devisees per stirpes (the descendants shall take his or her parents share), and if descendants of the named devisees predeceased the testator the descendants of that deceased descendant shall take his or her parents share (per stirpes).

The judgment apportions the estate among the descendants of the named legatees; furthermore, the judgment orders the distribution of the residue of the estate to the descendants of the named legatees. The order falls within the scope of the appealable orders set forth in Sec. 472.160 RSMo. Supp.1984. This court has jurisdiction of the appeal. Respondent's request that the appeal be dismissed is denied.

Consideration on the merits of appellants' claim compels reversal of the probate court judgment. The sole issue before this court is the propriety of the application of Sec. 474.460 RSMo.Supp.1984, the anti-

lapse statute, to the devise made by testatrix to her siblings.

Section 474.460 reads:

When any estate is devised to any child, grandchild or other relative of the testator, and the devisee dies before the testator, leaving lineal descendants, the descendants shall take the estate, real or personal, as the devisee would have done if he had survived the testator.

 The statute presumes that the testator prefers that his estate devolve to a devisee's descendants, however remote, rather than to his residuary devisees or his heirs at law. *Stolle v. Stolle,* 66 S.W.2d 912, 917 (Mo.1933). Although courts are disposed to adopt any reasonable construction of a will to avoid intestacy, the courts may not, under the guise of construction, ignore the pellucid import of the testatrix's words. *Naylor v. Koeppe,* 686 S.W.2d 47, 50[6] (Mo.App.1985).

Here the testatrix used the words "between the living legatees." The named beneficiaries were to take only if they outlived the testatrix. The will contains no provision which would substitute any other person in place of one of the four named siblings. The intention of the testatrix to restrict the devise "between the living legatees" is sufficiently clear. A bequest to a predeceased legatee lapses where the testatrix expressly intends that the gift lapse. *See Trantham v. Trice,* 567 S.W.2d 389, 393 (Mo.App.1978).

In addition, the operation of a will may be conditioned upon the happening of a certain event, and, if the event does not occur, the will is inoperative. *Naylor,* 686 S.W.2d at 49[4]. Here, survival of the legatees was the condition precedent to making the devise operative. The condition was not met; the devise is inoperative. Accordingly, the anti-lapse statute does not apply to save the devise.

The cause is reversed and remanded to the probate division of the circuit court for further proceedings consistent with this opinion.

CARL R. GAERTNER, P.J., and SMITH, J., concur.