Tim ALBRIGHT, et al., Respondents,

v.

Joseph Elmer ALBRIGHT,
et al., Appellants.

No. WD 49693.

Missouri Court of Appeals,
Western District.

April 11, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 30, 1995.

Application to Transfer Denied
July 25, 1995.

William David Powell, Columbia, for appellants.

Danieal Howard Miller, Daniel Ray Dunham, Columbia, for respondents.

Before KENNEDY, P.J., and
LOWENSTEIN and HANNA, JJ.

KENNEDY, Presiding Judge.

This is a will contest, section 473.083, RSMo 1994, which seeks to set aside the will of Elmer Adolph Albright as totally inoperative. The contestants' argument is that the will was conditional, and that the condition failed. The argument, if accepted, would leave the decedent intestate.

A will is inoperative if it was intended by the testator to be effective only upon the happening of a condition, and the condition did not happen. *Naylor v. Koeppe,* 686 S.W.2d 47, 49 (Mo.App.1985). The issue in the case is not the construction of the dispositive provisions of the will. The issue—to be determined from the language of the will if unambiguous, *Helmer v. Voss,* 646 S.W.2d 738, 741 (Mo. banc 1983)—is whether the will is to come into operation at all. 94 C.J.S. Wills § 152, pp. 938–939 (1956). Also to be distinguished from the present case are those cases where certain provisions of the will, as distinguished from the will itself, are held to be conditional. *Id.* at 940.

Elmer Adolph Albright died December 23, 1991. He had been married twice. By his first marriage, he had three children, who are the contestants here. If their father's will is set aside, they will share in his intestate estate.

By his second marriage, decedent had one child, Joseph Elmer Albright. Decedent made his will January 30, 1981. At that time, he was married to his second wife, Charlotte, who was Joseph Elmer's mother. Joseph Elmer was recited in the will to be 12 years old.

Decedent and Charlotte were divorced March 4, 1985. Decedent died on December 23, 1991. His will was duly admitted to probate in Boone County.

■ The will directed the payment of debts and expenses, then made the following disposition of the estate:

## II.

I hereby give and bequeath the residue of my estate to my wife, Charlotte Louise Albright, absolute and in fee simple to do with as she sees fit.

## III.

In the event my wife, Charlotte Louise Albright, predeceases me, or dies with me in a common disaster, then in that event I give and bequeath all of the residue of my property to my son, Joseph Elmer Albright, said property to be held, managed and disbursed by the legal guardian for Joseph Elmer Albright, and to be handled according to the laws of the state of Missouri regarding guardianships at the time of my death.

## IV.

In the event my son, Joseph Elmer Albright, is orphaned, I direct that Cherie Lynn Karl be appointed the guardian of the estate and of the person of Joseph Elmer Albright. Of all persons available, it is my judgment that Cherie Lynn Karl is best suited and qualified to handle and be entrusted with the person and estate of Joseph Elmer Albright, my son now age twelve.

When decedent and Charlotte were divorced in 1985, Article II became inoperative; Charlotte is to be treated as if she predeceased the testator. Section 474.420, RSMo 1994. This leaves Article III as the dispositive provision in the will.

The kernel of respondents' position is thus stated in their brief:

Elmer Adolph Albright simply did not make and did not intend to make any provision by his will for the devise of any of his estate after Joseph Elmer Albright reached the age of majority [beyond which time he would no longer have or need a legal guardian]. Presumably Elmer knew the statutory provisions for intestate succession and was content for distribution to all his heirs in accordance therewith if his conditional will was inoperative.

*Helmer v. Voss,* 646 S.W.2d 738 (Mo. banc 1983), says at page 742: "It is perfectly possible to execute a will which has no effect at all unless a specified condition is performed or occurs. If such a condition is expressed, it will be enforced. Unless the language is compelling, however, courts hesitate to construe language of purpose or occasion for making a will as establishing a condition precedent to the very effectiveness of the will. Courts, furthermore, are disposed to adopt any reasonable construction which will avoid intestacy."

There is no express language in this will which makes it conditional. In fact, the testator declares in the opening paragraph, that "I . . . declare and publish this to be my Last Will and Testament, hereby revoking any and all wills and codicils heretofore made by me." See *Howard v. McCulley,* 686 S.W.2d 650, 652 (Tex.App. 5 Dist.1985).

Even if one could say, as respondents argue, that the devise in favor of Joseph Elmer Albright was conditional upon his being an orphaned minor at the time of testator's death, that would not necessarily make the will itself conditional. If that were held to be its meaning, the property would go by intestate succession, but the other provisions of the will would still be effective. See *Howard,* 686 S.W.2d at 651; *Helmer,* 646 S.W.2d at 743. Such a case was *Naylor v. Koeppe,* 686 S.W.2d 47 (Mo.App.E.D.1985), a case calling for the construction of a will, and not a will contest, where a decedent made a conditional disposition of his estate. The condition failed, and the conditional devises were held inoperative. The decedent was held to have died intestate with reference to his property, but the probate court was directed to dispose of the estate "in accordance with the provision of the will relating to the payment of debts and funeral expenses and the statutes relating to descent and distribution of property as to which a decedent dies intestate." *Id.* at 50.

■ We do not mean to intimate that the decedent in this case died intestate as to his

estate; we hold in fact, infra, the devise to Joseph Elmer Albright was absolute and unconditional. We merely point out that, even if contestants' construction were accepted, the will would still be entitled to probate as decedent's will. There is a presumption, not only in will contests, but in cases for will construction, that decedent did not intend to die intestate as to his property. *Shaw v. Wertz*, 369 S.W.2d 215, 219 (Mo.1963).

"The contestants, to succeed, must demonstrate that the will as written was of absolutely no effect because it was subject to an express condition which did not occur. If the will has any effect at all it may not be set aside in this will contest action, in which the competency of the testators and the due execution is not challenged." *Helmer*, 646 S.W.2d at 741. This will provides for the appointment of a personal representative, who is authorized by the will to serve without bond. There are elaborate provisions for broad powers of the personal representative, and directions for the non-apportionment of estate and inheritance taxes. The will may not be set aside in a will contest proceeding.

The appeal could be disposed of by our holding, as above, that the will itself was unconditional. From the briefs and arguments of the parties, however, it appears the issue between them is whether the devise to Joseph Elmer Albright is conditional. That also was the issue upon which the trial court granted summary judgment below. Rather than remand the case for a decision on that point, which might then be appealed again by the losing party or parties, we see no impediment to treating this case as a declaratory judgment case, section 527.040, RSMo 1994, for the construction of the will. See also, Rule 87.02(b)(3).

■ The devise to Joseph Elmer Albright is unambiguously absolute and is not conditional. If it were ambiguous, then we would remand for an evidentiary hearing to determine the testator's meaning. *Breckner v. Prestwood*, 600 S.W.2d 52, 55 (Mo.App.1980). In construing the will, we adopt that meaning—as between two possible meanings—which will prevent intestacy. *Lutheran Altenheim Soc. of Mo. v. Younghouse*, 365 Mo. 39, 275 S.W.2d 361 (banc 1955).

In the Albright will, the devise to Joseph Elmer Albright is couched in absolute terms; there is no conditional language, which would prevent, or cut off, the devise upon the failure of a condition. The provision for the property to be "held, managed and disbursed" by the beneficiary's legal guardian, and to be "handled" in accordance with guardianship law is not the language of condition. The beneficiary was 12 years old when the will was made, and a guardian would have received the property. Since the beneficiary had reached the age of majority when the testator died, the intervention of a guardian was unnecessary and unauthorized; the provisions for the guardian's holding, managing, disbursing and handling the property became surplusage.

We see no significance in Article IV, which appoints a guardian of the person and estate of the beneficiary in case he is "orphaned." The beneficiary was not "orphaned," for his mother, although divorced from his father, was still alive, and, furthermore, the beneficiary had reached his majority at the time of his father's death. The provisions of Article IV were inoperative. Article IV has nothing to do with the Article III's absolute and unconditional devise to Joseph Elmer Albright of decedent's residuary estate.

Neither the will nor the devise to Joseph Elmer Albright was conditional.

Judgment reversed, and cause remanded for the entry of a judgment in conformity to the foregoing opinion.

All concur.